## ISAAC BARRETT *vs.* DAVID HYDE.

An agreement to purchase stocks for another person and sell them again within a certain time, and share with him any profits, but bear alone any loss, is not within *St.* 1836, *c.* 279, and is a good consideration for a promissory note given for the amount of such loss.

ACTION OF CONTRACT on a promissory note. The parties submitted the case to the decision of the court upon the following facts :

The plaintiff was the owner of five shares in the Fitchburg Railroad Corporation, and agreed with the defendant that the defendant should sell the shares, and purchase five shares in the Essex Company for the plaintiff, and sell them within six months after such purchase ; and if they were sold for a profit over a certain amount, the profit should be divided between them ; but if sold at a loss, the defendant should bear the loss and pay the plaintiff interest on the Essex Company stock while he held it. At the time of the agreement neither of the parties was the owner, or the assignee or agent of the owner of the shares to be purchased. The defendant purchased and sold the shares in the name of the plaintiff, according to the agreement; and gave this note for the amount of the loss thereby incurred, and the interest agreed upon.

*H. G. Blaisdell,* for the plaintiff.

*T. H. Sweetser,* for the defendant. The consideration of the note declared on was a contract void by statute. *St.* 1836, *c.* 279. If not within the letter of the statute, it was in contravention of its policy, and therefore void. Story on Notes, § 187. 2 Pothier on Oblig. (Evans's ed.) 1–19. *Oakley* v. *Rigby,* 2 Bing. N. C. 732. *Sawyer* v. *Langford,* 2 Car. & Kirw. 697. *Sharp* v. *Teese,* 4 Halst. 352. *Fuller* v. *Dame,* 18 Pick. 472. *Craig* v. *Missouri,* 4 Pet. 410. *Bartle* v. *Nutt,* 4 Pet. 184. It is in the nature of a wager that stocks shall be of a certain value at a certain time ; and is therefore void. *St.* 7 G. 2, *c.* 8. And the note is without consideration, being founded upon a contract to pay a sum of money concerning a matter in which the defendant had no interest, and for which he had received nothing from the plaintiff, and as to which the plaintiff had suffered no loss through. the defendant. 3 Bos. & Pul. 249 *note.* Chit. Con. (8th Amer ed.) 32. *Forth* v. *Stanton,* 1 Saund. 210.

DEWEY, J. In the opinion of the court this case does not fall within the provisions of the *St.* of 1836, *c.* 279, declaring contracts for the sale of stocks to be absolutely void unless the party contracting to sell such stocks is at the time the owner of such stocks. The contract was to sell the plaintiff's Fitchburg Railroad stock and invest the proceeds in Essex Company stock, which was subsequently to be sold for the benefit of both parties, who were to divide the profits upon certain agreed principles, and leaving the burden of the loss, if one occurred, upon the defendant. But this not being the case provided for by the statute, the promissory note given to adjust the eventual loss is not to be held void. Nor will the further objections urged, that the contract was in contravention of the policy of the statute, and that it is substantially a wager on the value of certain stocks at a future day, upon the case stated, sustain the defence to the note. *Judgment for the plaintiff.*